# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| In re: MARQUARDT ENGINEERING, INC. | § | Case No. 12-80368-TML |
| | § | |
| | § | |
| Debtor(s) | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

   Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that
STEPHEN G. BALSLEY_____, trustee of the above styled estate, has filed a
Final Report and the trustee and the trustee's professionals have filed final fee applications,
which are summarized in the attached Summary of Trustee's Final Report and Applications
for Compensation.

   The complete Final Report and all applications for compensation are available for
inspection at the Office of the Clerk, at the following address:
   U.S. Courthouse
   327 South Church Street
   Room 1100
   Rockford, IL  61101

   Any person wishing to object to any fee application that has not already been approved or
to the Final Report, must file a written objection within 21 days from the mailing of this notice,
serve a copy of the objections upon the trustee, any party whose application is being challenged
and the United States Trustee. A hearing on the fee applications and any objection to the Final
Report will be held at 09:30AM on 01/28/2015 in Courtroom 3100, United States Courthouse,
U.S. Courthouse
327 South Church Street
Courtroom 3100
Rockford, IL  61101.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay
dividends pursuant to FRBP 3009 without further order of the Court.

**UST Form 101-7-NFR (10/1/2010)**

Date: 01/02/2015    By:    /s/ STEPHEN G. BALSLEY
Trustee, Bar No.: 1048412

STEPHEN G. BALSLEY
6833 STALTER DRIVE
ROCKFORD, IL  61108
(815) 962-6611
sbalsley@bslbv.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re: MARQUARDT ENGINEERING, INC.           § Case No. 12-80368-TML
                                             §
                                             §
Debtor(s)                                    §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $ 10,000.00 |
| *and approved disbursements of* | $ 136.28 |
| *leaving a balance on hand of* [1] | $ 9,863.72 |
| **Balance on hand:** | $ 9,863.72 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 5S | Illinois Department of Employment Security | 739.95 | 0.00 | 0.00 | 0.00 |

| | |
|---|---|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 9,863.72 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - STEPHEN G. BALSLEY | 1,750.00 | 0.00 | 933.94 |
| Attorney for Trustee, Fees - Barrick, Switzer, Long, Balsley & Van Evera | 15,888.50 | 0.00 | 8,479.35 |
| Attorney for Trustee, Expenses - Barrick, Switzer, Long, Balsley & Van Evera | 551.00 | 0.00 | 294.06 |
| Charges, U.S. Bankruptcy Court | 293.00 | 0.00 | 156.37 |

| | |
|---|---|
| Total to be paid for chapter 7 administration expenses: | $ 9,863.72 |
| Remaining balance: | $ 0.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:  $       0.00
Remaining balance:  $       0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $84,334.90 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P | Internal Revenue Service | 0.00 | 0.00 | 0.00 |
| 1P-2 | Internal Revenue Service | 70,105.02 | 0.00 | 0.00 |
| 4P | Illinois Department of Revenue | 14,229.88 | 0.00 | 0.00 |

Total to be paid for priority claims:  $       0.00
Remaining balance:  $       0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 21,166.77 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:  *SEE ATTACHED EXPLANATION

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1U | Internal Revenue Service | 0.00 | 0.00 | 0.00 |
| 1U-2 | Internal Revenue Service | 13,786.21 | 0.00 | 0.00 |
| 2 | Nicor Gas | 390.94 | 0.00 | 0.00 |
| 3 | Star Supply LLC | 5,852.18 | 0.00 | 0.00 |
| 4U | Illinois Department of Revenue | 1,137.44 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims:  $       0.00
Remaining balance:  $       0.00

**UST Form 101-7-NFR (10/1/2010)**

Tardily filed claims of general (unsecured) creditors totaling $ 220.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 5U | Illinois Department of Employment Security | 220.00 | 0.00 | 0.00 |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

Prepared By: /s/STEPHEN G. BALSLEY
Trustee, Bar No.: 1048412

STEPHEN G. BALSLEY
6833 STALTER DRIVE
ROCKFORD, IL 61108
(815) 962-6611
sbalsley@bslbv.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**

In Marquardt, 12-80368, the Trustee pursued a fraudulent transfer which appeared to have a value of upwards of $100,000. The Trustee settled it after pursuing litigation for $10,000 based mainly on the questionable collectability of any recovery weighed against the cost of litigation. The Trustee has incurred nearly $16,000 of accrued expenses for attorney time in the litigation. The Trustee has out of pocket expenses for depositions of $551 and still owes the clerk's office for a filing fee for the adversary. Trustee fees would be $1,750. Claims are about $84,000 including the priority IRS for $70,100. Administrative expenses will be paid at about 53%. The adversary proceeding was worth the effort, although the outcome was not as fruitful as the Trustee expected it to be.

Unfortunately, there are no funds available for distribution to creditors.